UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____ :
                                    :
BRIAN KEITH BRAGG,                  :
                                    :
        Plaintiff,                  :     Civ. No. 15-7507 (NLH)
                                    :
    v.                              :     OPINION
                                    :
ARAMARK FOOD SERVICE, et al.,       :
                                    :
        Defendants.                 :
_____ :

APPEARANCES:
Brian Keith Bragg,
Atlantic County Justice Facility
5060 Atlantic Ave.
Mays Landing, NJ 08330
    Plaintiff Pro se


HILLMAN, District Judge

    Plaintiff Brian Keith Bragg, a prisoner confined at the

Atlantic County Justice Facility in Mays Landing, New Jersey,

filed this civil action asserting claims regarding the condition

of the prison kitchen pursuant to 42 U.S.C. § 1983.

    Pursuant to Local Civil Rule 54.3, the Clerk shall not be

required to enter any suit, file any paper, issue any process,

or render any other service for which a fee is prescribed,

unless the fee is paid in advance.  Under certain circumstances,

however, this Court may permit an indigent plaintiff to proceed

in forma pauperis.

The entire fee to be paid in advance of filing a civil complaint is $400. That fee includes a filing fee of $350 plus an administrative fee of $50, for a total of $400.  A prisoner who is granted in forma pauperis status will, instead, be assessed a filing fee of $350 and will not be responsible for the $50 administrative fee.  A prisoner who is denied in forma pauperis status must pay the full $400, including the $350 filing fee and the $50 administrative fee, before the complaint will be filed.

Title 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action in forma pauperis.  Under § 1915, a prisoner seeking to bring a civil action in forma pauperis must submit an affidavit, including a statement of all assets and liabilities, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1).  The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2).  The prisoner must obtain this certified statement from the appropriate official of each correctional facility at which he was or is confined during such six-month period. Id.

If the prisoner is granted in forma pauperis status, the prisoner must pay the full amount of the $350 filing fee, in

2

installments, as follows. 28 U.S.C. § 1915(b)(1).  In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court an installment payment equal to 20% of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (in forma pauperis actions); see also 28 U.S.C. § 1915A (dismissal of actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (dismissal of prisoner actions brought with respect to prison conditions).  If the Court dismisses the case for any of these reasons, § 1915 does not suspend installment payments of the filing fee or permit the prisoner to get back the filing fee, or any part of it, that has already been paid.

If the prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that

was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted, he cannot bring another action in forma pauperis unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

In this action, Plaintiff failed to either pay the filing fee or submit a complete in forma pauperis application as required by 28 U.S.C. § 1915(a)(1), (2). See, e.g., Hairston, Sr. v. Gronolsky, 348 F. App'x 716 (3d Cir. 2009) (affirming administrative termination of prisoner civil rights action for failure to comply with requirements of § 1915); Tyson v. Youth Ventures, L.L.C., 42 F. App'x 221 (10th Cir. 2002) (affirming dismissal without prejudice of civil action where prisoner submitted only uncertified copy of institutional account statement); Johnson v. United States, 79 Fed.Cl. 769 (2007) (same). See also Rohn v. Johnston, 415 F. App'x 353, 354-55 (3d Cir. 2011) (affirming dismissal without prejudice of civil action where prisoner failed to submit the required affidavit of poverty).

To the extent Plaintiff asserts that correctional officials have refused to provide the certified account statement, any such assertion must be supported by an affidavit detailing the circumstances of Plaintiff's request for a certified institutional account statement and the correctional officials'

4

refusal to comply, including the dates of such events and the
names of the individuals involved.

The allegations of the Complaint do not suggest that
Plaintiff is in imminent danger of serious physical injury. See
28 U.S.C. § 1915(g).

Moreover, the Court notes that in Ground One, Plaintiff
asserts that he "and all persons who are now or who in the
future may be incarcerated at the Atlantic County Justice
Facility (A.C.J.F.) file suit[.]" (Compl. 7, ECF No. 1).
Further, the Complaint is signed by three other inmates. (Compl.
11, ECF No. 1).  The Complaint does not specifically list these
individuals as plaintiffs. (Compl. 2, ECF No. 1).  Nevertheless
— without making any determination as to whether joinder of
these four inmates as plaintiffs is appropriate under Federal
Rule of Civil Procedure 20 — the Court notes that where more
than one prisoner seeks to join in a complaint against a
government official or entity, the plaintiffs may prepay a
single $400.00 filing fee or seek in forma pauperis status. See
Hagan v. Rogers, 570 F.3d 146, 150 (3d Cir. 2009); see also
Bumpers v. Formica, No. 13-5250, 2014 WL 3817134, at *1 (D.N.J.
Aug. 1, 2014).

Plaintiff and the three inmates who signed the Complaint
are further informed that, when multiple prisoners seek to join
as plaintiffs and they do not prepay the $400.00 filing fee,

then each plaintiff must submit a complete application to proceed in forma pauperis if he desires the complaint to be filed on his behalf. See Hagan, 570 F.3d at 154-55.  In that situation, if the Court permits more than one prisoner to join as a plaintiff under Rule 20, then the Court is required to collect a $350.00 filing fee from each prisoner-plaintiff in installments, as described above, as if each prisoner were filing his own individual complaint. See id. at 155-56.

### CONCLUSION

For the reasons set forth above, the Clerk of the Court will be ordered to administratively terminate this action, without filing the Complaint or assessing a filing fee.[1]  Plaintiff will be granted leave to apply to re-open within 45 days.  An appropriate Order will be entered.


_____s/ Noel L. Hillman_____
NOEL L. HILLMAN
United States District Judge


Dated: October 27, 2015
At Camden, New Jersey

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely. See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).